# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 16 1765D

Randy Haluy, on behalf of himself, and all others similarly situated

Plaintiff (s)

v.

T+T Enterprises of Ohio Inc., T+T Enterprises LLC and Eric Trautman

Defendant (s)

**SUMMONS**

\* To the above-named Defendant: T+T Enterprises LLC

You are hereby summoned and required to serve upon Philip J. Gordon Esq ................................., plaintiff's attorney, whose address is Gordon Law Group, LLP, 585 Boylston St., Boston, MA 02116 ........................ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness Judith Fabricant Esquire, at Worcester, the ....................
day of ................................. in the year of our Lord two thousand and
....................

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Randy Haley<br>**ADDRESS:** 131 Muggett Hill Road, Charlton, MA | **DEFENDANT(S):** T&T Enterprises of Ohio, Inc., T&T Enterprizes, LLC and Eric Trautman | **COUNTY** Worcester ☒ |
| **ATTORNEY:** Philip J. Gordon, Esq.<br>**ADDRESS:** Gordon Law Group, LLP, 585 Boylston Street, Boston, MA 02116 | **ADDRESS:** 5177 Duff Drive, West Chester Township, Ohio; 5100 Duff Drive, Cincinnati, Ohio; and 75 SW Cutoff, Worcester MA | |
| **BBO:** 630989 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Violation of the MA Wage Act | F | ☐ YES  ☒ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............... $ _____
  2. Total doctor expenses ............... $ _____
  3. Total chiropractic expenses ............... $ _____
  4. Total physical therapy expenses ............... $ _____
  5. Total other expenses (describe below) ............... $ _____
    Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............... $ _____
C. Documented property damages to dated ............... $ _____
D. Reasonably anticipated future medical and hospital expenses ............... $ _____
E. Reasonably anticipated lost wages ............... $ _____
F. Other documented items of damages (describe below) ............... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
The Defendants have failed to pay the Plaintiffs wages which are due and owing.

TOTAL: $ AT LEAST 25,000

Signature of Attorney/Pro Se Plaintiff: X /s/          Date: 11/18/2016

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/          Date: 11/18/2016

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                                                   SUPERIOR COURT

| | |
|---|---|
| RANDY HALEY, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>T & T ENTERPRISES OF OHIO, INC., T & T ENTERPRIZES, LLC, and ERIC TRAUTMAN, jointly and severally,<br>　　　　　　　　　　　Defendants. | C. A. No.: |

## COMPLAINT

1. This is a wage and hour class action in which Plaintiff seeks an award of damages, injunctive relief, and attorneys' fees and costs arising out of Defendants' violations of the Massachusetts Wage Act, the Massachusetts Overtime and Minimum Wage laws, and other causes of action under Massachusetts law.

2. As set forth below, T & T Enterprises of Ohio, Inc., T & T Enterprizes, LLC and Eric Trautman (collectively referred herein as "T&T") failed to pay the Plaintiff and other similarly situated truck drivers for all the hours they worked. T&T required truck drivers to report to their headquarters at the beginning of each shift to pick up a truck, perform pre-checks and warm up procedures for that truck, and then travel to a postal facility in Shrewsbury, MA to report for service and load their truck with mail. The truck drivers delivered and picked up mail from a number or postal facilities prior to refueling the truck and returning the truck to T&T headquarters. T&T, however, failed to pay Plaintiff and the other similarly situated truck drivers for all of the hours they worked, and instead just compensated them at a set rate established by T&T's contract with the United States Postal Service. The failure to pay Plaintiff and the other similarly situated truck drivers for all of their compensable time resulted in a failure to pay Plaintiff and the other truck driver for all of their hours at the appropriate minimum wage, regular wage and overtime wage rate.

### Jurisdiction and Venue

3. Jurisdiction is proper in the Court because T&T regularly transacts business within the Commonwealth of Massachusetts, including Worcester County.

4. Venue is proper in Plymouth County because T&T has an office located in Worcester County and Plaintiff resides in Worcester County.

## Parties

5. Plaintiff, Randy Haley, is an individual residing in Dudley, Massachusetts.

6. On information and belief, individuals performing similar functions to Plaintiff, as truck drivers, were treated similarly to Plaintiff with respect to the allegations in this Complaint. Thus, Plaintiff brings this action on his own behalf and on behalf of:

> "All persons who worked for Defendants in Massachusetts as truck drivers, at any time between November 18, 2010 and the date of final judgment."
>
> (the "Class Period"), (such similarly situated persons are hereinafter referred to collectively as the "Class" or "Class Members").

7. Defendant T & T Enterprises of Ohio, Inc., is a corporation organized in Ohio, with a principal place of business located at 5177 Duff Drive, West Chester Township, Ohio, and operating in Massachusetts, with an office located at 75 SW Cutoff, Worcester, MA.

8. Defendant T & T Enterprizes LLC is a limited liability company, organized in Ohio, with a principal place of business located at 5100 Duff Drive, Cincinnati, Ohio.

9. Defendant Eric Trautman, is presently, and has been at all times relevant to this complaint, according to records on file with the Ohio Secretary of State, the statutory agent for both T & T Enterprises of Ohio, Inc. and T & T Enterprizes LLC, and lists his address as 5100 Duff Drive, Cincinnati, Ohio. Upon information and belief he is also the owner and operator of T & T Enterprises of Ohio, Inc. and T & T Enterprizes LLC.

10. During the relevant time period Defendants were employers subject to the Massachusetts wage and hour laws.

11. During the relevant time period, Defendants were required to compensate the Plaintiff and the members of the class he purports to represent in accordance with the requirements imposed on employers by Massachusetts law.

## Factual Allegations

12. Plaintiff worked for Defendants as a truck driver during the Class Period.

13. During the Class Period, Defendants were engaged in the business of hauling mail for the United States Postal Service throughout the Commonwealth of Massachusetts.

14. Plaintiff's primary job duties included, but were not limited to performing pre-checks on a T&T truck, completing warm up procedures on a T&T truck, driving a T&T truck, reporting to a postal facility, loading and unloading a T&T truck, and refueling a T&T truck in various locations throughout the Commonwealth of Massachusetts.

2

15. According to the Plaintiff's paychecks, throughout the duration of his employment he was compensated on an hourly basis at a regular rate between $24.46 and $25.01, a shop rate between $14.17 and $15.00, and an overtime rate between $19.28 and $19.69.

16. Defendants required that Plaintiff and the other truck drivers report to T&T headquarters at the beginning of each shift to pick up a truck, perform pre-checks and warm up procedures for that truck, and then travel to a postal facility in Shrewsbury, MA to report for service and load their truck with mail.

17. Defendants required that Plaintiff and the other truck drivers deliver and pick-up mail from a number or postal facilities, prior to refueling the truck and returning the truck to T&T headquarters.

18. Despite the fact that Defendants required the Plaintiff and the other truck drivers to perform all of these duties in addition to dropping off and picking up mail, they failed to compensate the Plaintiff and the other truck drivers for all of their working time.

19. Defendants failed to compensate the Plaintiff at the minimum wage rate for all of his work time.

20. Plaintiff also regularly worked in excess of forty hours per week.

21. Defendants failed to compensate Plaintiff at the lawful overtime rate for all of his overtime hours.

22. Plaintiff did not furnish his work gratuitously.

23. Plaintiff worked with the expectation that he would be paid in full for all hours worked.

24. Defendants did not expect Plaintiff to perform any work for Defendants gratuitously.

25. Defendants understood that Massachusetts law imposed a duty on them to compensate Plaintiff for performing work for Defendants.

26. Defendants regularly scheduled Plaintiff's work hours.

27. Plaintiff regularly reported all of his working time to the Defendants.

28. Despite the fact the Plaintiff reported all of his working time to the Defendants, the Defendants only paid the Plaintiff for a portion of his working time.

29. As a result, Defendants were aware of Plaintiff's overtime work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time.

30. Plaintiff and other persons employed by Defendants as truck drivers repeatedly complained to Defendants about the failure to pay proper wages. Despite these complaints, Defendants nevertheless repeatedly continued in their failure to pay Plaintiff and the Class Members all of the wages due to them under the law.

31. Defendants have at all relevant times known about the foregoing practices, and Defendants' failure to pay Plaintiff and the Class Members on a timely basis all wages due, was made with either an evil motive or a reckless disregard for the rights of those employees.

### Class Action Allegations

32. Pursuant to M.G.L. c. 149, §150, M.G.L. c. 151, §1B, and Mass. R. Civ. P. 23, Plaintiff brings this action on behalf of themselves and the Class Members to recover unpaid wages earned by them during the Class Period.

33. During the Class Period, Defendants paid all of the Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

34. Defendants have been aware of the hours worked by the Class Members, but have failed to pay the Class Members the full amount of wages to which they are entitled for this work time.

35. Plaintiff are currently unaware of the identities of all Class Members. However, on information and belief, at least 50 persons have worked for Defendants performing these job functions in the Commonwealth of Massachusetts during the Class Period and would, therefore, be Class Members. For this reason, the Class is so numerous that joinder of all Class Members would be impracticable.

36. Plaintiff are currently unaware of the identities of all Class Members. However, on information and belief, at least 50 persons have worked for Defendants performing these job functions in the Commonwealth of Massachusetts during the Class Period and would, therefore, be Class Members. It is believed that most of these individuals would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims. For this reason, the Class is so numerous that joinder of all Class Members would be impracticable and a class action would be an efficient mechanism for resolution of the claims of the Class.

37. There exist numerous common questions of both law and fact, including: the number of hours worked by the truck drivers; whether Defendants were required to pay the truck drivers for all hours worked; whether it was proper for Defendants to refuse to pay the truck drivers for all hours worked; and whether Defendants acted with evil motive or a reckless disregard for the rights of the truck drivers.

38.     There are also numerous questions of law including whether the Plaintiff and Class Members are entitled to compensation under M.G.L. c. 149 and 151. Any defenses raised by Defendants, including that their conduct did not violate Massachusetts law, would be common to Plaintiff and all Class Members.

39.     The claims of the Plaintiff is typical of the claims of the Class, because each Class Member was subject to and victimized by the same unlawful policies and practices of Defendants, and the Class Members all had the same basic job responsibilities as Plaintiff, as truck drivers working for Defendants.

40.     The Plaintiff is represented by counsel experienced in class action litigation, and, in particular, in litigating claims under Massachusetts wage and hours laws. Plaintiff will both fairly and adequately protect the interests of the Class and have no conflicts with the interests of the Class.

41.     The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants. In addition, adjudications with respect to individual members of the Class could as a practical matter be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

42.     Questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. Facts not common to the Class are immaterial to resolving the common legal questions whether Defendants' policies violated Massachusetts law. There will be no difficulty in managing this case as a class action.

43.     The members of the Class are known to the Defendants and are readily identifiable through Defendants' records.

### Claims for Relief

### Count I
### Massachusetts Wage Act Claim
### (On Behalf of Plaintiff and the Class)

44.     Defendants have been and continue to be an "employer" of Plaintiff and the Class Members within the meaning of the Massachusetts Wage Act (M.G.L. c. 149).

45.     Plaintiff and the Class Members were "employees" of Defendants within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

46.     Defendants employed Plaintiff and the Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

5

47. Defendants failed to pay regular wages owed to Plaintiff and the Class Members on a timely basis for the work which they did for Defendants, in violation of the Massachusetts Wage Act (M.G.L. c. 149).

48. Defendants' failure to pay wages owed to the Plaintiff and the Class Members as required by the Massachusetts Wage Act (M.G.L. c. 149) constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by Defendants of the rights of the Plaintiff and the Class Members.

49. As the result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and the Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

### Count II
### Massachusetts Minimum Wage Claim
### (On Behalf of Plaintiff and the Class)

50. Defendants have been and continue to be an "employer" of Plaintiff and the Class Members within the meaning of the Massachusetts minimum wage law (M.G.L. c. 151).

51. Plaintiff and the Class Members were "employees" of Defendants within the meaning of Massachusetts minimum wage law (M.G.L. c. 151).

52. Defendants employed Plaintiff and the Class Members, suffering or permitting them to work within the meaning of Massachusetts minimum wage law (M.G.L. c. 151).

53. Defendants failed to pay the minimum wage rate to Plaintiff and the Class Members for all of their work time, in violation of the Massachusetts minimum wage law (M.G.L. c. 151).

54. Defendants' failure to pay wages owed to the Plaintiff and the Class Members as required by the Massachusetts minimum wage law (M.G.L. c. 151) constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by Defendants of the rights of the Plaintiff and the Class Members.

55. As the result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and the Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

### Count III
### Massachusetts Overtime Claim
### (On Behalf of Plaintiff and the Class)

56. Defendants have been and continue to be an "employer" of Plaintiff and the Class Members within the meaning of the Massachusetts overtime law (M.G.L. c. 151).

57. Plaintiff and the Class Members were "employees" of Defendants within the meaning of Massachusetts overtime law (M.G.L. c. 151).

58. Defendants employed Plaintiff and the Class Members, suffering or permitting them to work within the meaning of Massachusetts overtime law (M.G.L. c. 151).

59. Defendants failed to pay overtime wages to Plaintiff and the Class Members for all such work hours in excess of 40 hours per workweek, in violation of the Massachusetts overtime law (M.G.L. c. 151).

60. Defendants' failure to pay wages owed to the Plaintiff and the Class Members as required by the Massachusetts overtime law (M.G.L. c. 151) constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by Defendants of the rights of the Plaintiff and the Class Members.

61. As the result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and the Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## Count IV
### Breach of Contract
### (On Behalf of Plaintiff and the Class)

62. Defendants entered into an unambiguous and enforceable contract, whether express or implied, that required Defendants to pay Plaintiff and the Class Members an hourly wage for each hour worked.

63. Defendants' implied contracts or agreements with Plaintiff and the Class Members included the commitment that Defendants would comply with their obligations pursuant to G.L. c. 149 and c. 151.

64. Defendants knowingly received the services of Plaintiff and the Class Members.

65. Plaintiff and the Class Members performed their obligations to work for Defendants and such performance was not gratuitous.

66. In breach of its contract with Plaintiff and Class Members, Defendants have failed to pay all wages due.

67. As the result of Defendants' breach of their contract set forth above, Plaintiff and the Class Members have incurred damages in an amount to be determined at trial.

### Count V
### Unjust Enrichment/Quantum Meruit
### (On Behalf of Plaintiff and the Class)

68. The actions of Defendants as set forth above constitute unjust enrichment in that Defendants benefitted by the Plaintiff's and Class Members' engaging in work and remaining engaged for work for which a reasonable person would expect to be paid, and yet failed to compensate the Plaintiff and Class Members for all of their working time.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Declare this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23 and/or to be a representative action on behalf of all of those similarly situated pursuant to M.G.L. c. 149, §150, appointing Plaintiff and his undersigned counsel to represent the Class Members;

(B) Require Defendants to provide an accounting to Plaintiff of the amount of damages incurred by them and the Class Members, and direct Defendants to provide to Plaintiff a list of all persons employed by them as truck drivers during the Class Period, including the last known address and telephone numbers, so that Plaintiff can give such Class Members notice of the pendency of this action and an opportunity to make an informed and timely decision about whether to participate in it;

(C) Determine the damages sustained by Plaintiff and the Class Members as the result of Defendants' unlawful conduct and award those damages, trebled for those representing violations of the Wage Act, Minimum Wage Statute, and Overtime Statute against the Defendants and in favor of the Plaintiff and the Class Members, together with such prejudgment interest as may be allowed by law;

(D) Award Plaintiff and the Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(E) Enter a permanent injunction ordering Defendants henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

(F) Grant Plaintiff and the Class Members such other and further relief as the Court may deem just and proper.

By the attorneys for the Plaintiff and the Class Members,

_____
Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
GORDON LAW GROUP LLP
585 Boylston Street
Boston, Massachusetts 02116
(617) 536-1800

Dated:   November 18, 2016

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1685CV01765 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Randy Haley, on behalf of himself and all others similarly situated vs. T & T Enterprises of Ohio, Inc. et al | | Dennis P. McManus, Clerk of Courts |
| TO: Philip Gordon, Esq. Gordon Law Group, LLP 585 Boylston Street Boston, MA 02116 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                   **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/21/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 03/21/2017 | |
| All motions under MRCP 12, 19, and 20 | 03/21/2017 | 04/20/2017 | 05/22/2017 |
| All motions under MRCP 15 | 03/21/2017 | 04/20/2017 | 05/22/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 09/18/2017 | | |
| All motions under MRCP 56 | 10/17/2017 | 11/16/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/16/2018 |
| Case shall be resolved and judgment shall issue by | | | 11/21/2018 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 11/22/2016 | ASSISTANT CLERK Laurie Jurgiel | | PHONE (508)831-2350 |
|---|---|---|---|

Date/Time Printed: 11-22-2016 09:24:22                                                                                                    SCV026\ 11/2014

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1685CV01765 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **CASE NAME:** Randy Haley, on behalf of himself and all others similarly situated vs. T & T Enterprises of Ohio, Inc. et al | | Dennis P. McManus, Clerk of Courts |
| TO: Philip Gordon, Esq. Gordon Law Group, LLP 585 Boylston Street Boston, MA 02116 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                     DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/21/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 03/21/2017 | |
| All motions under MRCP 12, 19, and 20 | 03/21/2017 | 04/20/2017 | 05/22/2017 |
| All motions under MRCP 15 | 03/21/2017 | 04/20/2017 | 05/22/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 09/18/2017 | | |
| All motions under MRCP 56 | 10/17/2017 | 11/16/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/16/2018 |
| Case shall be resolved and judgment shall issue by | | | 11/21/2018 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 11/22/2016 | ASSISTANT CLERK Laurie Jurgiel | | PHONE (508)831-2350 |
|---|---|---|---|

Date/Time Printed: 11-22-2016 09:24:22                                                                 SCV026\ 11/2014